# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3134MN

_____

| | | |
|---|---|---|
| Westchester Fire Insurance Company, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| | * | |
| JHC Insurance Group, Inc., | * | [To be published] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 10, 1999

Filed: May 21, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

In this case the plaintiff, Westchester Fire Insurance Company, claims that the defendant, JHC Insurance Group, Inc., a wholesale insurance broker, was at fault in not clearly transmitting to the insured the substance of a certain change in coverage. The District Court[1] granted summary judgment, and we affirm.

_____

[1]The Hon. Michael J. Davis, United States District Judge for the District of Minnesota.

The crux of the case is that Westchester cannot prove that the omission on the part of JHC, even if negligent, caused any loss. Westchester wound up having to pay a loss incurred by its insured because of our holding, see Hawkins Chemical, Inc. v. Westchester Fire Ins. Co., 159 F.3d 348 (8th Cir. 1998), that the policy change was substantial, and that insufficient notice of the change had been given to the insured to make it effective under Minnesota law. The difficulty with the present claim, however, is that Westchester cannot show that anything would have come out differently if JHC in fact had transmitted the information in question to Hawkins. Westchester cannot show what would have happened if Hawkins had refused to accept the change. It cannot show, in other words, that it, as the insurer, would have insisted on the change, so that the coverage afforded by the policy would in fact have been reduced, and Westchester would not have been liable to pay the loss. As evidence on the point, Westchester offered the testimony of its underwriter that he would not have renewed the policy if the insured had rejected the change in question, but this testimony is inconsistent with testimony given by that same underwriter in the previous litigation. Westchester argues that the testimony was not inconsistent, but we are not persuaded by this argument.

We agree in substance with the reasoning of the District Court's opinion. We do not think that this case has enough precedential significance to warrant a fuller treatment, and, in the interests of a prompt disposition, we therefore affirm in this abbreviated form.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-